## CHAMBERLAIN v. THROCKMORTON.

(Circuit Court of Appeals, Eighth Circuit. June 24, 1913.)

### No. 3,806.

1. SALES (§ 437*) — REMEDIES OF BUYER — BREACH OF WARRANTY — ADMISSIBILITY OF EVIDENCE.

   In an action to recover damages for the alleged breach of warranty in the sale of a jack for breeding, where it was uncertain from the petition whether the plaintiff was relying upon the breach of an express or implied warranty, or upon a rescission of the contract, the defendant could introduce evidence that the jack handled himself all right the season preceding the sale, which took place in February, even though the answer denied any warranty, since under the petition he was justified in meeting the different issues presented to the jury.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1248–1257; Dec. Dig. § 437.*]

2. EVIDENCE (§ 17*)—JUDICIAL NOTICE—COURSE OF THE SEASONS.

   The trial court takes judicial notice of the course of the seasons, and would thereby know that the season of 1909 was as near to February, 1910, the time of the sale, as any information concerning the breeding qualities of the jack could be secured.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 21; Dec. Dig. § 17.*]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Louis W. Chamberlain against J. E. Throckmorton. Judgment for defendant, and plaintiff brings error. Affirmed.

George A. Mahan, of Hannibal, Mo. (William Mumford, of Pittsfield, Ill., and A. R. Smith and Dulany Mahan, both of Hannibal, Mo., on the brief), for plaintiff in error.

Noah U. Simpson, of La Belle, Mo., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

PER CURIAM. This action was brought to recover damages for the alleged breach of a warranty in the sale of a jack for breeding purposes. The only errors properly assigned are as to the admission in evidence of the testimony of certain witnesses for the defense which tended to show that the jack handled himself all right during the season of 1909. The sale took place in February, 1910.

[1] The testimony was objected to for the reason that the defendant by his answer denied that there was any warranty of the jack, either express or implied, and that therefore he could not introduce evidence to show that the jack was a good animal for the purpose for which he was purchased. The evidence was also objected to for the reason that the season of 1909 was too remote. We think, in view of the fact that it is difficult to determine from the petition whether the plaintiff was relying for a recovery upon the breach of an express or implied warranty, or a rescission of the contract, that the defendant was justified in meeting the issues as they might be and were submitted to the jury.

[2] The trial court could, of course, take judicial notice of the course of the seasons, and, thus informed, would know that the season of 1909 was as near to 1910 as any information as to the jack's qualities could naturally be furnished.

Judgment affirmed.